# EXHIBIT A

| | |
|---|---|
| JEFFERSON COUNTY DISTRICT COURT, STATE OF COLORADO<br>Court Address: 100 Jefferson County Parkway<br>Golden, CO 80401<br>720-772-2500 | DATE FILED: July 12, 2024 3:23 PM<br>FILING ID: AFE0A8BDCF5E0<br>CASE NUMBER: 2024CV30988 |
| Plaintiff: GUIDEONE AMERICA INSURANCE COMPANY a/s/o ACTIVATION MINISTRIES INTERNATIONAL<br><br>Plaintiff,<br>v.<br><br>Defendant: AMAZON.COM, INC., a Delaware Corporation,<br><br>Defendant. | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Geri O'Brien Williams, #22984<br>Denesh Chukkapalli, #59028<br>DWORKIN, CHAMBERS, WILLIAMS, YORK, BENSON & EVANS, P.C.<br>3900 E. Mexico Ave., Suite 820,<br>Denver, CO 80210<br>Telephone: (303) 584-0990<br>Facsimile: (303) 584-0995<br>GWilliams@dnvrlaw.com<br>dchukkapalli@dnvrlaw.com | Case Number:<br><br>Division:<br><br>Courtroom: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, GuideOne America Insurance Company as subrogee of Activation Ministries International ("Plaintiff"), by and through its undersigned attorneys, states by way of complaint against Defendant, Amazon.com, Inc., hereby alleges as follows:

**THE PARTIES**

1. Plaintiff is a Corporation with its principal place of business located at 1111 Ashworth Road, West Des Monies, Iowa 80265.

2. At all times relevant hereto, Plaintiff was engaged in the business, among other areas, of underwriting property and casualty insurance, and was authorized to conduct business in the State of Colorado.

3. Plaintiff's Insured, Activation Ministries International ("Plaintiff's Insured"), is a non-profit Colorado Corporation with its principal place of business located at 166 S Lookout Mountain Rd., Golden CO 80401, and is and was at all times relevant qualified to do business in the State of Colorado.

4. Defendant, Amazon.com, Inc. ("Defendant"), is a Delaware corporation with its principal place of business located at 410 Terry Ave N. Seattle, WA 98109, and is and was at all times relevant conducting business in the State of Colorado.

## JURISDICTION AND VENUE

5. This subrogation action arises out of a fire that occurred at a church located at 166 S Lookout Mountain Road, Golden, Colorado 80401 ("Subject Property"). The Subject Property is owned by Plaintiff's Insured.

6. This Court has jurisdiction over Defendant in this matter pursuant to C.R.S. § 13-1-124.

7. Venue in this county is proper pursuant to C.R.C.P. 98.

## GENERAL ALLEGATIONS

8. At all times relevant hereto, Plaintiff's Insured owned the Subject Property.

9. Prior to July 15, 2022, Plaintiff, GuideOne, issued a policy of insurance to Plaintiff's Insured under policy number 00-1242-499 (hereinafter "The Policy"). The policy was

in effect at all time relevant to this action and insured the Subject Property and contents therein against loss of various forms.

10. On or about July 15, 2022, a fire occurred causing substantial damage to the Subject property including its contents (the "Fire Loss Event").

11. The Fire Loss Event was caused by the failure of a 1500-watt Odausi Immersion heater ("Subject Product") which was being used for heating a baptismal font at the time of the incident.

12. Plaintiff's Insured purchased the Subject Product directly from Amazon.com and Amazon was the direct seller. Attempts to identify or locate Odausi as the manufacturer of the Subject Product have proven fruitless. Based on information and belief, Odausi is a company outside the reach of this Court's jurisdiction.

13. Upon information and belief, Defendant Amazon is Odausi's principal distributor and/or seller.

14. Pursuant to C.R.S.A. § 13-21-402(b), since jurisdiction cannot be obtained against the original Manufacturer, Odausi, Defendant Amazon.com, Inc., as the principal distributor and seller of the product, shall be deemed the manufacturer of the product.

15. As the statutory manufacturer of the product, Defendant Amazon.com, Inc., shall be held responsible for all relevant counts of products liability, as described below.

16. The Fire Loss Event was caused by the failure of the Subject Product to include in its design and/or manufacture a safety mechanism by which the Subject Product could not reach temperatures sufficient to start a fire.

17. As a result of the Fire Loss, Plaintiff's insured suffered losses in an amount exceeding $1,200,000.00.

18. In accordance with the terms and conditions of the Policy, Plaintiff was required to and did make payment to or on behalf of Plaintiff's Insured for an amount exceeding $,1,200,000.00 for damages sustained as a result of the Fire Loss. These payments were made to compensate Plaintiff's Insured for damage to the subject property, contents therein, and other related losses.

19. By virtue of said payments and the terms and conditions of the Policy, Plaintiff is legally, equitably, and contractually subrogated to the rights of its insured to the extent of such payments.

**COUNT I**

**NEGLIGENCE**

**(Plaintiff v. All Defendants)**

20. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 19 of Plaintiff's Complaint as though fully set forth herein at length.

21. Defendant owed a duty to Plaintiff to exercise reasonable care to verify that the product sold to Plaintiff was fit for its intended and foreseeable use.

22. Defendant owed a duty to Plaintiff to exercise reasonable care while representing material facts about the product, including but not limited to information regarding whether the product contained any defects.

23. Defendant breached their duty to Plaintiff by failing to warn of potential defects.

24. Defendants owed a duty to exercise reasonable care to warn Plaintiff of the risk of a harm or injury that Defendants, as the seller of the product, knew or should have known and which was not obvious to a reasonable consumer.

25. Defendants breach their duty to Plaintiff by failing to warn of potential risks.

26. Plaintiff was directly and foreseeably injured as a result of Defendants' breach of duties.

27. But for the defective product, Plaintiff's Insured would not have suffered extensive fire damage.

28. It is foreseeable that a defective product that comes in consistent contact with water will lead to potential fire damage if not safely manufactured.

29. As a result of Defendants breaches of duty, Plaintiff incurred significant damages.

**COUNT II**

**FAILURE TO WARN**

**(Plaintiff v. All Defendants)**

30. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 29 of Plaintiff's Complaint as though fully set forth herein at length.

31. Defendant had actual knowledge of the defective product.

32. Defendant failed to warn Plaintiff of the defective and unreasonably dangerous product, or in the alternative, Defendant insufficiently warned Plaintiff of the defective and unreasonably dangerous product.

**COUNT III**

**STRICT PRODUCTS LIABILITY**

**(Plaintiff v. All Defendants)**

33. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 32 of Plaintiff's Complaint as though fully set forth herein at length.

34. Defendants, Amazon.com, Inc., inclusive, manufactured, designed, distributed, inspected, supplied and/or sold the Subject Product, and/ or its component parts.

35. Defendants, Amazon.com, Inc., inclusive, were in the business of selling the Subject Product for use by the general public.

36. The Subject Product and/or its component parts were defective. The Subject Product was defective in that it did not include in its design or manufacture a low water sensor, a high limit switch, or a thermal fuse. The lack of such safety features made the Subject Product unreasonably dangerous to the persons, as well as property of persons, who might reasonably be expected to use the Subject Product.

37. The Subject Product lacked the aforementioned necessary safety features when it left the possession of the defendant, Amazon.com.

38. The Subject Product was expected to reach the consumer, in this case Plaintiff's Insureds, without substantial change in the condition in which it was sold.

39. Plaintiff's Insured became a user of the Subject Product when it purchased the Subject Product from Amazon.com and received the Subject Product from Amazon.com at the Subject Property. Plaintiff's Insured was a person who would reasonably be expected to use the Subject Product.

40. At the time of the incident described herein, the product was being used in the manner intended by Defendants Amazon.com and, and/or in a reasonably foreseeable manner and/or misused in a reasonably foreseeable manner.

41. The aforementioned acts and/or omissions on the part of Defendants and each of them caused a fire loss at Plaintiff's insured's property.

42. The fire originated from and was the direct result of the lack of a low water sensor, high limit switch or thermal fuse in the Subject Product and/or its component parts.

43. Had the Subject Product included a low water sensor, high limit switch, or thermal fuse, the fire would not have occurred.

44. The fire caused significant damage to the Subject Property and personal property as well as preventing Plaintiff's Insured from using the property to conduct church services for a considerable time.

45. The Subject Product and/or its component parts were the legal and proximate cause of GuideOne, as well as Plaintiff's Insured's, damages.

46. The Subject Product and/or its component parts were a substantial factor in causing harm to Plaintiff and the Plaintiff's Insured.

**COUNT IV**

**EQUITABLE SUBROGATION**

**(Plaintiff v. All Defendants)**

47. Plaintiff hereby incorporates by reference the averments contained in paragraphs 1 through 46 of Plaintiff's Complaint as though fully set forth herein.

48. At all times relevant hereto, GuideOne provided an insurance policy to Activation Ministries International which covered the property, and certain personal property therein.

49. As a result of the Defendants, and each of them, placing such a defective product into the stream of commerce Plaintiff's Insured sustained at least $1,200,000.00 in damages. Plaintiff indemnified its insured for remediation, repairs, replacement and loss of use of property and paid to or on behalf of its insured the amount of at least $1,200,000.00 to date.

50. Under the doctrine of equitable subrogation, when an insurer has paid its insured for a loss caused by a third party, it may seek recovery from the third party. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814 (Colo. 2004).

51. GuideOne fulfilled its obligations pursuant to the insurance agreement between it and its insured for the property damage losses. GuideOne now seeks recovery by way of a subrogation claim for the indemnity and other damages it paid to or on behalf of its insured in an amount of at least $1,200,000.00 plus pending damages, other miscellaneous damages, costs, and pre-judgment interest from the date of the loss, according to proof at trial.

**WHEREFORE**, Plaintiff respectfully demands judgment in its favor and against Defendant in an amount in excess of $1,200,000.00, together with pre-judgment interest, post-judgment interest, attorneys' fees, cost of suit, and such other and further relief as this Honorable Court deems just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

**WHEREFORE**, Plaintiff GuideOne hereby demands a trial by jury for all counts so triable.

**RESPECTFULLY** submitted this 12th day of July 2024.

DWORKIN, CHAMBERS, WILLIAMS,
YORK, BENSON & EVANS, P.C.

By: ***/s/ Geri O'Brien Williams***
Geri O'Brien Williams, Reg. No. 22984
Denesh Chukkapalli, Reg. No. 59028

*Attorneys for Plaintiff, GuideOne American Insurance Company a/s/o Activation Ministries International*

Plaintiff's Address:

GuideOne Insurance Company
1111 Ashworth Road,
West Des Moines, IA 50265